IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CIBER, Inc., *et al.*,[1] | ) Case No. 17-10772 (BLS) |
| Debtors. | ) Joint Administration Pending |
| | ) Ref. Docket No. 38 |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO (A) PAY AND HONOR PREPETITION WAGES, SALARIES, OTHER COMPENSATION, REIMBURSABLE BUSINESS EXPENSES, AND EMPLOYEE BENEFIT OBLIGATIONS, AND (B) MAINTAIN AND CONTINUE CERTAIN COMPENSATION AND BENEFIT PROGRAMS POSTPETITION; AND (II) GRANTING RELATED RELIEF**

Upon the amended motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m) authorizing, but not directing, the Debtors, in accordance with their past and current policies and practices, to: (a) honor any prepetition obligations, and continue to honor ongoing obligations in the ordinary course of business, on account of accrued wages, salaries, or commissions, including vacation, severance, and sick leave pay (the "Employee Compensation"); (b) honor any prepetition obligations, and continue to honor ongoing obligations in the ordinary course of business, on account of certain employee benefit plans, flexible savings accounts, and retirement savings plans (the "Employee Benefits");

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of Debtor CIBER, Inc.'s federal tax identification number (the other Debtors do not have EINs) are: CIBER, Inc. (6833), CIBER International LLC, and CIBER Consulting, Incorporated. The principal place of business for each Debtor is 6312 South Fiddler's Green Circle, Suite 600E, Greenwood Village, CO 80111.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(c) reimburse Employees and Independent Contractors for prepetition expenses incurred on behalf of the Debtors in the ordinary course of business (the "Reimbursable Expenses"); (d) pay all related prepetition payroll taxes and other deductions (the "Withholding Obligations"); (e) pay any amounts owing on account of prepetition services performed by Independent Contractors and Foreign Affiliate Employees (the "Independent Contractor Obligations"); (f) pay, to the extent that any of the foregoing programs is administered, brokered, insured or paid through a third-party administrator or provider (an "Administrator"), any prepetition claims of such Administrator in the ordinary course of business (the "Administration Fees", and collectively with the Employee Compensation, the Employee Benefits, the Reimbursable Expenses, the Withholding Obligations, and the Independent Contractor Obligations, and all costs related thereto, the "Prepetition Employee Obligations"); and (g) authorizing banks and other financial institutions (collectively, the "Banks") to honor and process check and electronic transfer requests related to the foregoing, as more fully set forth in the Motion; and upon the First Day Declaration; and upon the record of the hearing on this Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances; and this Court having found that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003, the Debtors are authorized, but not directed, to: (a) pay and/or honor, in their sole discretion, the Prepetition Employee Obligations; <u>provided, however</u>, that no member of the Workforce shall be paid on account of any prepetition claim for accrued wages, salaries, or commissions, including vacation, severance, and sick leave pay, over the statutory cap of $12,850 provided for under sections 507(a)(4) and (5) of the Bankruptcy Code, absent entry of the Final Order following a hearing to consider the relief requested in the Motion on a final basis, to the extent not otherwise granted on a final basis herein (the "<u>Final Hearing</u>"); and (b) maintain and continue to the Prepetition Employee Obligations as they were in effect as of the Petition Date and as such may be modified, amended, or supplemented from time to time in the ordinary course; <u>provided, however</u>, that the statutory cap of $12,850 shall not apply to the Transferred Employee Obligations and the amounts paid on account of the Transferred Employee Obligations shall not be taken into account when calculating whether the payment of any Prepetition Employee Obligation exceeds the statutory cap of $12,850.

3. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations to insiders that are subject to section 503(c) of the Bankruptcy Code.

4. The Debtors are authorized, in their sole discretion, to continue their prepetition practices with respect to the use and payment of Corporate Cards in the ordinary course of business and to pay all prepetition Reimbursable Expenses outstanding in connection with the Corporate Cards.

5. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Employee Withholdings and Payroll Taxes to the appropriate taxing authorities or third-party recipients in accordance with the Debtors' stated policies and prepetition practices.

6. The Banks are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, their accounts, whether such checks or requests are presented or submitted prior to or after the Petition Date, to the extent such checks or requests are expressly identified by the Debtors as related directly to the payment of Prepetition Employee Obligations and the Transferred Employee Obligations, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Debtors are further authorized to reimburse, at their sole discretion, any member of the Workforce for any fees or expenses incurred in connection with any rejected checks as a result of the Debtors' bankruptcy filing.

7. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations.

8. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a result of the filing of the Chapter 11 Cases with respect to prepetition amounts owed in connection with any Prepetition Employee Obligations or the Transferred Employee Obligations.

9. Subject to the applicable provisions of the Bankruptcy Code, the Debtors are authorized to modify, change, and discontinue any of the policies, plans, programs, practices, and procedures associated with the Workforce and/or to implement new plans, policies, practices and

procedures related thereto in the ordinary course of business during the Chapter 11 Cases, in their sole discretion, without the need for further Court approval.

10. The automatic stay under section 362(a) of the Bankruptcy Code is modified solely to allow the Employees to proceed with their workers' compensation claims in the appropriate judicial or administrative forum and only in accordance with the Workers' Compensation Plan; provided, that recoveries, if any, shall be limited to the proceeds from the Workers' Compensation Plan.

11. The Final Hearing shall be held on May 2, 2017 at 2:00 pm (prevailing Eastern Time). Any objections or responses to entry of the proposed Final Order shall be filed with the Clerk of this Court on or before 4:00 p.m. on April 25, 2017, and served on the following parties: (a) the Debtors, 6363 South Fiddler's Green Circle, Suite 600E, Greenwood Village, Colorado 80111, Attn: Chief Financial Officer and General Counsel; (b) co-counsel to the Debtors, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019, Attn: Brett H. Miller (brettmiller@mofo.com) and Benjamin Butterfield (bbutterfield@mofo.com); (c) co-counsel to the Debtors, Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Mark Minuti (mminuti@saul.com) and Sharon L. Levine (slevine@saul.com); (d) counsel to any official committee appointed in the Chapter 11 Cases; and (e) the Office of the United States Trustee for the District of Delaware.

12. All transfers made pursuant to this Order shall be subject to the terms and conditions of any order authorizing the use of cash collateral or postpetition financing entered in these Chapter 11 Cases.

13. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission regarding the validity or

amount of any claim against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (f) to grant third-party beneficiary status or bestow any additional rights on any third-party; or (g) be otherwise enforceable by any third-party.

14. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any member of the Workforce, or any other person or entity.

15. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

16. The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

18. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _April 11_____, 2017
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE

96902.12 04/11/2017