IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIBER, Inc., *et al.*,[1] | ) | Case No. 17-10772 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Ref. Nos. 6, 38, 49** |

### FINAL ORDER (I) AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO (A) PAY AND HONOR PREPETITION WAGES, SALARIES, OTHER COMPENSATION, REIMBURSABLE BUSINESS EXPENSES, AND EMPLOYEE BENEFIT OBLIGATIONS, AND (B) MAINTAIN AND CONTINUE CERTAIN COMPENSATION AND BENEFIT PROGRAMS POSTPETITION; AND (II) GRANTING RELATED RELIEF

Upon the amended motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of interim and final orders pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m) authorizing, but not directing, the Debtors, in accordance with their past and current policies and practices, to: (a) honor any prepetition obligations, and continue to honor ongoing obligations in the ordinary course of business, on account of accrued wages, salaries, or commissions, including vacation, severance, and sick leave pay (the "Employee Compensation"); (b) honor any prepetition obligations, and continue to honor ongoing obligations in the ordinary course of business, on account of certain employee benefit plans, flexible savings accounts, and retirement savings plans (the "Employee

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of Debtor CIBER, Inc.'s federal tax identification number (the other Debtors do not have EINs) are: CIBER, Inc. (6833), CIBER International LLC, and CIBER Consulting, Incorporated. The principal place of business for each Debtor is 6312 South Fiddler's Green Circle, Suite 600E, Greenwood Village, CO 80111.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1281598

Benefits"); (c) reimburse Employees and Independent Contractors for prepetition expenses incurred on behalf of the Debtors in the ordinary course of business (the "Reimbursable Expenses"); (d) pay all related prepetition payroll taxes and other deductions (the "Withholding Obligations"); (e) pay any amounts owing on account of prepetition services performed by Independent Contractors or Foreign Affiliate Employees (the "Independent Contractor Obligations"); (f) pay, to the extent that any of the foregoing programs is administered, brokered, insured or paid through a third-party administrator or provider (an "Administrator"), any prepetition claims of such Administrator in the ordinary course of business (the "Administration Fees", and collectively with the Employee Compensation, the Employee Benefits, the Reimbursable Expenses, the Withholding Obligations, and the Independent Contractor Obligations, and all costs related thereto, the "Prepetition Employee Obligations"); and (g) authorizing banks and other financial institutions (collectively, the "Banks") to honor and process check and electronic transfer requests related to the foregoing, as more fully set forth in the Motion; and this Court having entered the Interim Order on April 11, 2017 granting the Motion on an interim basis [D.E. 49]; and upon the record of the final hearing on the Motion, if any; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having found that the relief requested by the Motion is in the

best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. Pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a), and 1108 of the Bankruptcy Code, the Debtors are authorized, but not directed, to: (a) pay and/or honor, in their sole discretion, the Prepetition Employee Obligations; and (b) maintain and continue to honor the Prepetition Employee Obligations as they were in effect as of the Petition Date and as such may be modified, amended, or supplemented from time to time in the ordinary course. For the avoidance of doubt, to the extent the total payments for any Employee for Employee Compensation, including, without limitation, Incentive Compensation, exceed $12,850, the Debtors are authorized to pay all such amounts owed as of the Petition Date in the ordinary course of business and consistent with their prepetition practices during the pendency of the Chapter 11 Cases.

3. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations to insiders that are subject to section 503(c) of the Bankruptcy Code.

4. The Debtors are authorized, in their sole discretion, to continue their prepetition practices with respect to the use and payment of Corporate Cards in the ordinary course of business and to pay all prepetition Reimbursable Expenses outstanding in connection with the Corporate Cards.

5. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Employee Withholdings and Payroll Taxes to the appropriate taxing authorities or third-party recipients in accordance with the Debtors' stated policies and prepetition practices.

6. The Banks are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, their accounts, whether such checks or requests are presented or submitted prior to or after the Petition Date, to the extent such checks or requests are expressly identified by the Debtors as related directly to the payment of Prepetition Employee Obligations or the Transferred Employee Obligations, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Debtors are further authorized to reimburse, at their sole discretion, the members of the Workforce for any fees or expenses incurred in connection with any rejected checks as a result of the Debtors' bankruptcy filing.

7. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations.

8. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a result of the filing of the Chapter 11 Cases with respect to prepetition amounts owed in connection with any Prepetition Employee Obligations or Transferred Employee Obligations.

9. All transfers made pursuant to this Order shall be subject to the terms and conditions of any order authorizing the use of cash collateral or postpetition financing entered in these Chapter 11 Cases.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtors; (b) a waiver of the Debtors' rights to subsequently

ny-1281598

dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (f) to grant third-party beneficiary status or bestow any additional rights on any third-party; or (g) be otherwise enforceable by any third-party.

11. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any member of the Workforce, or any other person or entity.

12. Subject to the applicable provisions of the Bankruptcy Code, the Debtors are authorized to modify, change, and discontinue any of the policies, plans, programs, practices, and procedures associated with their Workforce and/or to implement new plans, policies, practices, and procedures related thereto in the ordinary course of business during the Chapter 11 Cases, in their sole discretion, without the need for further Court approval.

13. The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

15. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2017
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE

ny-1281598