**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CIBER, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-10772 (BLS)<br><br>Jointly Administered<br><br>**Hearing Date: May 15, 2017 at 10:00 a.m. (EST)** |

## SCANSOURCE'S OBJECTION TO DEBTORS' PROPOSED CURE AMOUNTS

ScanSource, Inc. and its affiliates[2] (collectively, "**ScanSource**"), submit this objection (the "**Objection**") to the Debtors' *Notice of Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Proposed Sale of the Debtors' Assets* filed on April 26, 2017 [Docket No. 121] (the "**Notice**") and the *First Supplemental Notice of Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Proposed Sale of the Debtors' Assets* filed on May 4, 2017 [Docket No. 156] (the "**Supplemental Notice**").  In support of the Objection, ScanSource states as follows:

1.    The Notice lists proposed cure amounts of $0.00 for reseller agreements with ScanSource Communications, Inc. and ScanSource Mexico.  The Supplemental Notice lists a proposed cure amount of $1,409,680.00 for a vendor agreement with ScanSource POS & Barcode.  Subsequent to the Notices, the Debtors filed the *Notice of Withdrawal of Proposal to Assume and Assign Certain Executory Contracts and Unexpired Leases* on May 6, 2017 [Docket No. 163] (the "**Removal Notice**," together with the Notice and Supplemental Notice, the "**Notices**").

---

[1]  The Debtors in the above-captioned chapter 11 cases, along with the last four digits of Debtor CIBER, Inc.'s federal tax identification number (the other Debtors do not have EINs) are: CIBER, Inc. (6833), CIBER International LLC and CIBER Consulting, Incorporated.  The principal place of business for each Debtor is 6312 South Fiddler's Green Circle, Suite 600E, Greenwood Village, CO 80111.

[2]  This is including, but not limited to, ScanSource Communications, Inc., ScanSource Security Distribution, Inc., ScanSource POS and Barcode, and ScanSource Mexico.

2.  ScanSource objects to the Notices due to a lack of clarity as to which contracts, if any, the Debtor is proposing to assume and assign. ScanSource therefore files this Objection out of an abundance of caution to reserve all rights existing under any agreements between ScanSource and the Debtors.

3.  ScanSource, Inc. and ScanSource Security Distribution, Inc. supply goods and services to the Debtors pursuant to a reseller agreement, and each entity extended trade credit to the Debtors pursuant to a Customer Application dated December 5, 2011 which was governed by the Terms and Conditions of Sale (collectively, the "**Reseller Agreement**"). A true and correct copy of the Terms and Conditions of Sale is attached as **Exhibit A** hereto. The contractual relationships between ScanSource, Inc. and the Debtors as well as between ScanSource Security Distribution, Inc. and the Debtors are governed by the Reseller Agreement. Pursuant to the Reseller Agreement, ScanSource extended and may, but is not obligated to, continue to extend trade credit to the Debtors for the resale of ScanSource goods.

4.  The Debtors listed certain reseller agreements with ScanSource Mexico and ScanSource Communications, Inc. (with proposed cure amounts of $0.00) as Designated Contracts in the Notice[3] and a vendor agreement with ScanSource POS & Barcode (with a proposed cure amount of $1,409,680.00) as a Designated Contract in the Supplemental Notice.[4]

5.  The Debtors subsequently listed the reseller agreements with ScanSource Mexico and ScanSource Communications, Inc. as Removed Contracts in the Removal Notice.[5] According to the Removal Notice, this means "that the Debtors have preliminarily decided not to assume and assign [these agreements] to the Stalking Horse Bidder or other Successful Bidder(s) … ."[6]

---

[3] *See* Notice, Schedule 1 at 20.

[4] *See* Supplemental Notice, Schedule 1 at 9.

[5] *See* Removal Notice, Schedule 1 at 5.

[6] *See* Removal Notice at 2.

- 2 -

6. ScanSource objects to the Notices to the extent that they provide for inconsistent cure amounts and create confusion regarding which ScanSource entity is entitled to receive the cure amount(s) and which agreement(s) will potentially be assumed and assigned.

7. Any cure amount(s) must include (i) the entire pre-petition amount(s) owed under the agreement(s), plus (ii) any additional amount(s) incurred postpetition. ScanSource objects to any proposed assumption or assignment of the Reseller Agreement or any other ScanSource agreement(s) unless the full cure amount as set forth is paid to ScanSource.

## **CONCLUSION**

*WHEREFORE*, ScanSource requests that this Court (i) deny entry of any order approving the assumption and assignment of any agreement(s) between the Debtors and ScanSource unless (a) the Debtors clarify the ScanSource agreement(s) to be assumed and assigned and the cure amount(s) to be paid thereunder and (b) the Debtors pay ScanSource the full cure amount(s) and (ii) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: May 10, 2017  **CHIPMAN BROWN CICERO & COLE, LLP**
Wilmington, Delaware

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Facsimile:    (302) 295-0199
Email:          chipman@chipmanbrown.com

—and—

**TROUTMAN SANDERS LLP**
Harris B. Winsberg
Meghan J. Wells
Bank of America Plaza
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308-2216
Telephone:    (404) 885-3000
Facsimile:     (404) 885-3900
Email: harris.winsberg@troutmansanders.com
          meghan.wells@troutmansanders.com

*Counsel for ScanSource, Inc.*