# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

ORIGINAL

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CMTSU Liquidation, Inc., *et al.*,[1] | ) Case No. 17-10772 (BLS) |
| f/k/a CIBER, Inc., *et al.* | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **RE: Docket No. 540** |

## ORDER GRANTING IN PART STATE OF HAWAIʻI, DEPARTMENT OF TRANSPORTATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion")[2] of the State of Hawaiʻi, Department of Transportation ("DOT") for entry of an order granting DOT relief from the automatic stay imposed by section 362 of the Bankruptcy Code in CMTSU Liquidation Inc.'s (f/k/a CIBER, Inc.) ("Ciber," and together with its debtor-affiliates, the "Debtors") chapter 11 case to permit DOT to prosecute its counterclaims against Ciber in that certain Hawaiʻi state court action, captioned as *Ciber, Inc. v. State of Hawaiʻi, Department of Transportation et al.*, Case No. 15-1-1881-09 (the "Action"), in the Circuit Court for the First Circuit of the State Of Hawaiʻi (the "State Court"), and granting related relief; and upon the record of the hearing on this Motion (if any); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of Debtor CMTSU Liquidation, Inc.'s federal tax identification number (the other Debtors do not have EINs) are: CMTSU Liquidation, Inc. (6833) (f/k/a CIBER, Inc.), CMTSU Liquidation 2, Inc. (f/k/a CIBER Consulting, Incorporated), and CMTSU Liquidation 3, LLC (f/k/a CIBER International LLC).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1299392

the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having found that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED IN PART as set forth herein.

2. The automatic stay is MODIFIED solely to the extent necessary to permit Ciber and DOT (together, the "Parties") to engage in discovery solely to the extent set forth in this Order, regardless of whether such discovery is "offensive" or "defensive."

3. Ciber shall comply with the March 2016 Order of the State Court, including full responses to the subject interrogatories and a production of remaining documents responsive to the subject requests for production, by October 24, 2017.

4. Ciber shall provide full and substantive responses to DOT's second and third interrogatories by October 24, 2017.

5. Ciber shall produce, by October 27, 2017, the other documents and information referenced in DOT's letter to Ciber dated September 15, 2017.

6. Ciber shall provide five (5) depositions to DOT, but no more than two (2) of those depositions can take place before the earlier of the Initial Status Conference (as defined in the *Debtors' Motion Pursuant to Sections 105 and 502(c) of the Bankruptcy Code for Approval of Alternative Dispute Resolution and Claims Estimation Procedures* [Docket No. 540] (the "ADR Motion")) that follows the conclusion of the mediation phase of the Disputed Claim Procedures

(as defined in the ADR Motion) or the confirmation date of the Plan; <u>provided</u>, that Ciber shall accept service from DOT of a 30(b)(6) deposition notice on September 29, 2017 and provide a witness on those topics no later than November 3, 2017, which deposition shall count as one of the depositions referenced in this paragraph.

7. Additional depositions of Ciber-related parties are not precluded by this Order, but any such depositions shall require further relief from the automatic stay and shall not occur prior to the Initial Status Conference.

8. Other than as provided by this Order, Ciber shall not be required to provide any additional document discovery, interrogatories or requests for admission before the earlier of the Initial Status Conference or the confirmation date of the Plan.

9. Any motions to enforce the discovery authorized pursuant to this Order shall be heard by the State Court.

10. The enforcement of the terms of this Order shall not be subject to the automatic stay.

11. DOT shall participate in good faith in the negotiation and mediation portions of the Disputed Claims Procedures with respect to its claims; <u>provided</u>, that the rights of DOT to object to the estimation of its claims are fully preserved and shall not be prejudiced in any way by the entry of this Order; <u>further provided</u>, that any such objection shall be heard at the Initial Status Conference regarding DOT's claims and DOT must notify counsel to the Debtors by electronic mail no less than seven (7) days prior to the Initial Status Conference if it intends to pursue any such objection.

12. DOT agrees to withdraw its pending dismissal motion in the Action before the State Court without prejudice, and agrees to adjourn the hearing of the Motion to the Initial

Status Conference.

13. In the event of any inconsistency between the Motion and the Order, the Order shall govern.

Dated: Sept. 29, 2017
Wilmington, Delaware

*(signature)*
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE