## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CMTSU Liquidation, Inc., *et al.*,[1] | ) | Case No. 17-10772 (BLS) |
| f/k/a CIBER, Inc., *et al.* | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | **Hearing Date: May 15, 2019 at 10:00 a.m. (ET)** |
|  | ) | **Objection Deadline: March 15, 2019 at 4:00 p.m. (ET)** |

### POST-EFFECTIVE DATE DEBTORS' SIXTH MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH THE POST-EFFECTIVE DATE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

By this motion (the "Motion"), CMTSU Liquidation, Inc. and CMTSU Liquidation 3, LLC (together, the "Post-Effective Date Debtors"),[2] seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1452 of title 28 of the United States Code and rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period within which the Post-Effective Date Debtors may remove pending civil actions to federal court through and including June 30, 2019. In support of the Motion, the Post-Effective Date Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of Debtor CMTSU Liquidation, Inc.'s federal tax identification number (the other Debtors do not have EINs) are: CMTSU Liquidation, Inc. (6833) (f/k/a CIBER, Inc.), CMTSU Liquidation 2, Inc. (f/k/a CIBER Consulting, Incorporated), and CMTSU Liquidation 3, LLC (f/k/a CIBER International LLC).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Debtors' Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 919] (together with all modifications, amendments, and supplements, the "Plan").

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory bases for the relief requested in the Motion are section 1452 of title 28 of the United States Code and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

4.       On April 9, 2017 (the "Petition Date"), the Post-Effective Date Debtors and CMTSU Liquidation 2, Inc. each filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code.

5.       On May 19, 2017, the Court entered the *Order (A) Approving the Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [Docket No. 246] (the "Sale Order"), pursuant to which, among other things, the Court approved the sale of the Purchased Assets (as defined in the Sale Order) to HTC Global Ventures, LLC.  The Sale (as defined in the Sale Order) closed on June 8, 2017 [Docket No. 354].

6.       On August 7, 2017, the Court entered the *Order Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [Docket No. 504].  On November 30, 2017, the Court entered the *Second Order Extending the Period Within Which the*

2

*Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [Docket No. 886] (the "<u>Second Removal Order</u>").  On March 23, 2018, the Court entered the *Third Order Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [Docket No. 1088] (the "<u>Third Removal Order</u>").  On July 23, 2018, the Court entered the *Fourth Order Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [Docket No. 1150] (the "<u>Fourth Removal Order</u>").  On November 28, 2018, the Court entered the *Fifth Order Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [Docket No. 1172] (the "<u>Fifth Removal Order</u>"). Pursuant to the Fifth Removal Order, the current deadline for which the Post-Effective Date Debtors and their estates may file notices of removal of Pending Actions (as defined below) is through and including March 2, 2019 (the "<u>Current Removal Deadline</u>").

7.      On December 20, 2017, the Court entered an order [Docket No. 947] confirming the Plan.  On December 27, 2017, pursuant to the satisfaction or waiver of the conditions set forth in Article XI of the Plan, the Effective Date of the Plan occurred, and the Plan was substantially consummated [Docket No. 961].

<u>**RELIEF REQUESTED**</u>

8.      Bankruptcy Rule 9027(a)(2)(A) establishes a deadline for the removal of civil actions pending as of the Petition Date (the "<u>Pending Actions</u>") to federal court.[3]  If the removal period is not extended in these Chapter 11 Cases, it will expire on March 2, 2019.  By this Motion, the Post-Effective Date Debtors seek entry of the Order extending the Current Removal Period pursuant to 28 U.S.C. § 1452, by 120 days, through and including June 30, 2019, without

---

[3] As of the date hereof, one or both of the Post-Effective Date Debtors are party to approximately 5 Pending Actions.

prejudice to the rights of the Post-Effective Date Debtors and their estates to seek further extensions of time within which to remove the Pending Actions.

## BASIS FOR RELIEF REQUESTED

9.      28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions.  Specifically, 28 U.S.C. § 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10.     Bankruptcy Rule 9027(a)(2) further provides, in pertinent part, that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11.     Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by the [Bankruptcy Rules] or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by previous order.

Fed. R. Bankr. P. 9006(b)(1).

4

12.     Accordingly, the Court is authorized to grant the relief requested herein.  *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Raff v. Gordon*, 58 B.R. 988, 990 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006).

13.     As noted above, the Debtors consummated a Sale of substantially all of their assets in early June following a successful auction process that yielded significant proceeds for distribution to stakeholders.  Since that time, the Debtors diligently pursued the formulation and confirmation of the Plan, which efficiently and effectively distributes the Debtors' remaining assets, creates a post-Effective Date management and governance structure, and winds down the Debtors' Estates.  The Debtors and the Post-Effective Date Debtors have also reconciled, objected to, and settled the vast majority of the filed claims with the goal of maximizing recoveries for the Debtors' stakeholders.  The Post-Effective Date Debtors will continue reconciling claims (and objecting thereto, if necessary), seek to estimate large claims as appropriate, and negotiate resolutions with claimants in order to make distributions as expeditiously as reasonably practicable.

14.     Absent the relief requested herein, the Current Removal Deadline will expire on March 2, 2019.  The extension sought will afford the Post-Effective Date Debtors an opportunity to make more fully informed decisions concerning the removal of any Pending Actions, and will ensure that the Post-Effective Date Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452.

ny-1449246
67593600.1

15.     Courts in the Third Circuit have approved relief similar to that requested herein. *See, e.g.*, *In re Maxus Energy Corporation*, No. 16-11501 (CSS) (Bankr. D. Del. Jan. 10, 2017) (granting 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re Boomerang Tube, LLC*, No. 15-11247 (MFW) (Bankr. D. Del. Jan. 22, 2016) (granting 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Dec. 16, 2013) (same); *In re Radioshack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del. May 27, 2015) (granting 90-day extension without prejudice to debtors' ability to seek additional extensions); *In re Prommis Holdings, LLC*, No. 13-10551 (BLS) (Bankr. D. Del. Oct. 11, 2013) (same).

16.     Accordingly, the Post-Effective Date Debtors believe that an extension of the time established by Bankruptcy Rule 9027(a)(2) to remove the Pending Actions, through and including June 30, 2019, is in the best interests of the Post-Effective Date Debtors, their estates, and their creditors.

### NOTICE

17.     Notice of this Motion will be given to the Office of the United States Trustee and all persons and entities that have filed a request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  A copy of this Motion is also available on the Debtors' case website at https://cases.primeclerk.com/CIBER/.  In light of the nature of the relief requested herein, the Post-Effective Date Debtors submit that no other or further notice is necessary.

ny-1449246
67593600.1

WHEREFORE, the Post-Effective Date Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: March 1, 2019
   Wilmington, Delaware

**POLSINELLI PC**

*/s/ Justin K. Edelson*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

-and-

**MORRISON & FOERSTER LLP**

Brett H. Miller (admitted *pro hac vice*)
Todd M. Goren (admitted *pro hac vice*)
Daniel J. Harris (admitted *pro hac vice*)
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
brettmiller@mofo.com
tgoren@mofo.com
dharris@mofo.com

*Counsel for the Post-Effective Date Debtors*

ny-1449246
67593600.1